# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA MELTZNER,<br><br>      Plaintiff,<br><br>v.<br><br>ANTHEM INSURANCE COMPANIES, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, and HEALTHY ALLIANCE LIFE INSURANCE COMPANY, a foreign corporation,<br><br>      Defendants. | Case No: CIV-17-1023-M<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff is a resident and citizen of the State of Oklahoma.

2. Defendants, Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield, and Healthy Alliance Life Insurance Company are domiciled in and have their principal places of business in Indianapolis, Indiana.

3. Plaintiff's claims against the Defendants are in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

4. Based on the foregoing, this Court has jurisdiction over these parties and this subject matter and venue is proper herein.

5. Plaintiff and her dependent were at all times material hereto insured under a group health insurance certificate issued by Anthem Blue Cross and Blue Shield (Anthem) and underwritten by Healthy Alliance Life Insurance

Company (HALIC). Anthem has a contractual arrangement with HALIC to handle claims for HALIC and to share in the premium and risk on the insurance that HALIC underwrites, including Plaintiff's health coverage under the health insurance certificate

6. Plaintiff's dependent required medical treatment and hospitalization for an illness specifically covered under the group insurance certificate and group insurance policy.

7. Plaintiff incurred medical expenses in connection with her son's treatment, properly and timely submitted a claim to Defendants for those medical expenses and otherwise complied with all conditions precedent for payment under the health insurance certificate.

8. Defendants breached the insurance contract and breached the implied covenant of good faith and fair dealing in the handling of Plaintiff's claims, and as a matter of routine claim practice in the handling of similar claims by:

   a. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendants knew that she was entitled to those benefits;

   b. failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

   c. withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

   d. refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e.   refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f.   refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.   failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h.   not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i.   forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendants knew were payable;

j.   failing to properly evaluate any investigation that was performed;

k.   adjusting claims based upon their own medical determinations rather than the determinations of treating physicians as provided in the policy;

l.   refusing to consider coverage for payment objectively in the best interest of their insured rather than the interest of only the insurance company;

m.   intentionally failing and refusing to follow the known law of policy construction, including, but not limited to, resolving any contractual ambiguities in favor of their insured;

n.   imposing conditions and requirements for coverage more restrictive than the requirements of the policy; and,

o.   asserting and endorsing opinions of medical professionals that Defendant knows are biased, predetermined, unreasonable, unjust and/or incorrect,

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendants.

9. As a direct result of Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered mental and emotional distress, loss of policy benefits, embarrassment, anxiety, stress, frustration, duress, financial loss and other consequential damages.

10. Defendants' acts and omissions in violation of the implied covenant of good faith and fair dealing were grossly reckless and wanton and/or done intentionally and with malice and/or were life threatening to humans and, therefore, punitive damages are appropriate.

11. Plaintiff further respectfully demands a trial by jury.

**WHEREFORE**, Plaintiff, Christina Meltzner, prays for judgment against the Defendants, Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield and Healthy Alliance Life Insurance Company, for her damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

MANSELL, ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
101 Park Avenue, Suite 665
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
Firm E-mail: mec@meclaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**