# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTINA MELTZNER,     )
                                )
        Plaintiff,      )
                                )
v.                       )        Case No. CIV-17-1023-SLP
                                )
ANTHEM INSURANCE COMPANIES,  )
    INC., d/b/a ANTHEM BLUE CROSS  )
    AND BLUE SHIELD, and     )
HEALTHY ALLIANCE LIFE     )
    INSURANCE COMPANY,     )
                                )
        Defendants.     )

# O R D E R

Before the Court is Defendants' Motion to Strike Plaintiff's Exhibit List and Amended Exhibit List [Doc. No. 118]. It is at issue. *See* Resp., Doc. No. 138. Defendants complain that Plaintiff's Final Exhibit List [Doc. No. 66] and Plaintiff's list of exhibits within the parties' proposed final pretrial report [Doc. No. 104] (i) "fail[] to identify which exhibits [Plaintiff] intends to use at trial as opposed to those which she will only offer if the need arises" as required both by Federal Rule of Civil Procedure 26(a)(3)(A)(iii) and by the Court's Scheduling Order in this case [Doc. No. 46] and (ii) "contain[] many improper and inadmissible 'exhibits' that are overly broad compilation of vague, confusing, and unspecified documents." Mot. 2, Doc. No. 118.

After Plaintiff filed its "Final" Exhibit List [Doc. No. 66] pursuant to the Court's Scheduling Order [Doc. No. 46] on March 21, 2019, Plaintiff apparently submitted a revised version of a "Final Exhibit List" [Doc. No. 138-2] (the "Unfiled Exhibit List") to

Defendants via email on May 7, 2019. *See* Email from Currie Knowles to Dianna C. Wyrick (May 7, 2019, 3:37 PM), Doc. No. 138-2. This Unfiled Exhibit List [Doc. No. 138-2] includes an exhibit list identical to that included by Plaintiff in the parties' proposed final pretrial report [Doc. No. 104].

The Court agrees with Defendants that Plaintiff's timely-filed Final Exhibit List [Doc. No. 66] does not comply with Rule 26(a)(3)(A)(iii) or the Court's Scheduling Order [Doc. No. 46]. The exhibit descriptions are impermissibly broad, and Plaintiff does not differentiate between which exhibits she expects to use at trial and which exhibits she expects to use at trial only if a need arises for them. The Court will therefore STRIKE Plaintiff's Final Exhibit List [Doc. No. 66].[1]

The Court must now determine whether to allow Plaintiff to submit an amended final exhibit list remedying the issues identified herein. The Court notes that Plaintiff has largely remedied the issue of too-broad descriptions already, albeit in the Unfiled Exhibit List [Doc. No. 138-2] that was only exchanged between the parties, not filed with the Court (and without the Court's leave for amendment). It would be inequitable for the Court to punish Plaintiff for broad exhibit descriptions when Defendants have engaged in similar conduct. The Court notes that Defendants' Final Exhibit List [Doc. No. 67] includes likewise broad entries—e.g., "[a]ll documents used by Defendants as exhibits to depositions," "[a]ll documents produced by Plaintiff to which Defendants do not object (MELTZNER 0001-263, 000264-442, 443-605)," "[r]ecords and documents produced by

---

[1] The Court will address issues related to the parties' proposed final pretrial report [Doc. No. 104] at the pretrial conference for this case.

Prest & Associates (PREST 1-61)," and "[d]ocuments relied on by Dr. Strober in the formation of his expert opinions." Defendants have not culled down these entries to individual exhibits in the parties' proposed final pretrial report. *Compare* Doc. No. 67, *with* Doc. No. 104.

The Court thus addresses only one complaint raised by Defendants—the failure by Plaintiff to "separately state those [exhibits] expected to be . . .used and those which may be . . . used only if the need arises."[2] Scheduling Order, Doc. No. 46; *see also* Fed. R. Civ. P. 26(a)(3)(A)(iii). The Court will allow Plaintiff to remedy this disclosure error if it was substantially justified or is harmless.

> In determining whether the failure to comply with Rule 26(a) is justified or harmless, courts weigh four factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011) (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)).[3]

---

[2] Defendants also imply that some of the exhibits included by Plaintiff in the Unfiled Exhibit List [Doc. No. 138-2] and in the parties' proposed final pretrial report [Doc. No. 104] were not listed (at least by too-broad description) in Plaintiff's Final Exhibit List [Doc. No. 66]. *See* Mot. 7-8, Doc No. 118. Defendants have not specifically identified which, if any, exhibits were not disclosed at all, including by too-broad or generic description, in Plaintiff's Final Exhibit List, and the Court is not inclined to search through all of the exhibit lists and find any such exhibits when Defendants have not provided a list of disclosed-for-the-first-time-on-May-7th exhibits for the Court's use.

[3] These are commonly referred to as the *Woodworker's Supply* factors. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Applied here, the Court finds that Plaintiff should be allowed to submit an amended final exhibit list with the missing statements regarding anticipated uses at trial. There is limited surprise or prejudice to Defendants, as Defendants have apparently been aware of the disclosure issue since at least April 8, 2019 (and likely since Plaintiff filed her Final Exhibit List on March 21, 2019), but they chose not to raise the issue in a motion filed with the Court until May 17th. *See* Email from Dianna Calaboyias Wyrick to Mark Engel & Steve Mansell (Apr. 8, 2019, 9:46 AM), Doc. No. 118-2. Any prejudice will be cured by Plaintiff filing an amended final exhibit list as ordered herein. Neither party indicates that any of the identified evidence will cause a disruption to trial. The Court does not find any bad faith to be present—certainly not enough to overcome the other three *Woodworker's Supply* factors or enough to result in the exclusion of exhibits from trial. The Court therefore finds Plaintiff's disclosure error to be harmless in the context of this case. In reaching its decision not to issue an across-the-board exclusion of exhibits (as requested by Defendants), the Court is mindful that the decision to exclude evidence is "a drastic sanction." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) (quoting *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)).

IT IS THEREFORE ORDERD that Defendants' Motion to Strike Plaintiff's Exhibit List and Amended Exhibit List [Doc. No. 118] is GRANTED IN PART and DENIED IN PART as stated herein. Plaintiff's Final Exhibit List [Doc. No. 66] is STRICKEN.

IT IS FURTHER ORDERED that Plaintiff shall file an amended final exhibit list no later than 12:00 p.m. on May 30, 2019. Plaintiff's amended final exhibit list shall explicitly state which exhibits Plaintiff expects to use at trial and which exhibits Plaintiff

expects to use only if the need arises. Plaintiff's to-be-filed amended final exhibit list shall not differ from the Unfiled Exhibit List [Doc. No. 138-2] emailed by Plaintiff to Defendants (but not filed with the Court) in any way *except* for the additional information required by the Court herein. If Plaintiff intends to use all 105 exhibits included in the to-be-filed amended final exhibit list at trial, Plaintiff should so indicate therein.

IT IS SO ORDERED this 29th day of May, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE