# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA MELTZNER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-17-1023-SLP |
| ANTHEM INSURANCE COMPANIES, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, and HEALTHY ALLIANCE LIFE INSURANCE COMPANY, | ) ) ) ) ) ) |
|     Defendants. | ) |

## **O R D E R**

Before the Court is Plaintiff's Motion to Strike Defendants' Expert Witnesses [Doc. No. 130]. It is at issue. *See* Resp., Doc. No. 136.

The Court's Scheduling Order required Defendants to file a list of expert witnesses by March 15, 2019 and to submit the expert witnesses' Federal Rule of Civil Procedure 26(a)(2) reports to Plaintiff by the same date. *See* Scheduling Order ¶ 3(b), Doc. No. 46. On that deadline, Defendants filed an Expert Witness List [Doc. No. 57] disclosing Mr. Michael Ridgeway and Dr. Michael Strober as their expert witnesses. But Defendants did not transmit their Rule 26(a)(2) reports to Plaintiff until more than two weeks later (Mr. Ridgeway's report on April 5th) and more than four weeks later (Dr. Strober's report on April 16th). Defendants transmitted their expert witnesses' reports to Plaintiff after the deadline for Plaintiff to file any *Daubert* motions. *See* Scheduling Order ¶ 7, Doc. No. 46. Prior to the mid-March deadline, the parties' counsel exchanged correspondence regarding

a mutually-agreed-to extension of time for Defendants to transmit their expert witnesses' reports to Plaintiff, but it appears no definitive agreement was reached.[1] Defendants never sought—from the Court—an extension of the Scheduling Order deadline for transmittal of their expert witnesses' Rule 26(a)(2) reports (except as part of their omnibus scheduling order extension request which was denied).

Defendants first argue that the disclosure of their expert witnesses' reports was timely because an agreement with Plaintiff was reached under Rule 29(b). But that rule requires that the "parties . . . stipulate . . . [to] extending the time for [a particular] form of discovery." Fed. R. Civ. P. 29. Here, the parties' counsels do not appear to have reached a definitive agreement regarding an extension of time, so no stipulation existed. *See Garza*

---

[1] Summarizing in detail the back-and-forth between counsels would not be an efficient use of the Court's time. Suffice it to say, on February 12th, Plaintiff's counsel told Defendants' counsel to "let [him] know . . . [i]f [Defendants] need[ed] more time for [their] expert[s to finish their reports]," to which Defendants' counsel indicated that such an extension would "likely" be needed. Emails between Dianna Calaboyias Wyrick and Steven S. Mansell (Feb. 12, 2019), Doc. No. 136-1. On March 4th, the parties' counsel discussed requesting an extension of all deadlines within the scheduling order (which Defendants subsequently requested and the Court denied), but they did not reach any agreements regarding the narrower issue of an extension of the expert report deadline. *See* Emails between Dianna Calaboyias Wyrick and Steven S. Mansell (Mar. 4, 2019), Doc. No. 136-3. And, on March 11th, Defendants' counsel wrote to Plaintiff's counsel to "confirm that even if the court does not grant the extension [of all deadlines in the Scheduling Order], [Plaintiff was] still agreeing to an extension for [Defendants] to serve [their] expert report[s]"—a message to which it does not appear Plaintiff's counsel ever responded to confirm such an agreement. Email from Dianna Calaboyias Wyrick to Steven S. Mansell (Mar. 11, 2019, 10:37 AM), Doc. No. 136-4. The parties' counsels do not provide declarations or other evidence regarding whether an extension of time for Defendants to transmit their expert witnesses' Rule 26(a)(2) reports to Plaintiff was discussed by phone or in person. While the parties' counsels' email correspondence provides discussion of an agreed-to extension of time for expert witness reports disclosure, it does not show any agreement was reached.

2

*v. Webb Cty.*, 296 F.R.D. 511, 511-12 (S.D. Tex. 2014) ("[A] court must approve of any party agreement to modify a court-ordered deadline."). *See supra* note 1.

The Court must therefore determine whether Defendants' delinquent disclosure of its expert witness reports should result in the exclusion of Defendants' expert witnesses from testifying at trial. Rule 37(c)(1) indicates that when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

> In determining whether the failure to comply with Rule 26(a) is justified or harmless, courts weigh four factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011) (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)).[2]

Here, Plaintiff suffered no prejudice. Plaintiff's argument that she did not receive the reports of Mr. Ridgeway and Dr. Strober in time to file *Daubert* motions (and thus was prejudiced) would be compelling but for (i) Plaintiff's failure to seek an extension of time from the Court to file *Daubert* motions after she received the expert witness reports and (ii) Plaintiff's decision to wait until more than a month after receiving the later report to seek to strike the witnesses. And, importantly, Plaintiff deposed both of Defendants' expert witnesses—even doing so before the Court's discovery deadline. These circumstances

---

[2] These are commonly referred to as the *Woodworker's Supply* factors. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

3

differentiate the instant case from *Fairchild v. Park Medical Corp.* (relied on by Plaintiff), in which the defendants "promptly moved to exclude [the opposing party's expert] as a witness" because they did not have the opposing party's expert witness's report before the discovery deadline and could not depose the expert witness during the discovery period. No. 09-CV-296-TCK-FHM, 2010 WL 845974, at *3 (N.D. Okla. Mar. 5, 2010).

Nor can Plaintiff claim surprise. As indicated, Plaintiff has been aware of the likely delinquent status of Defendants' expert witness reports since at least January 30th (*see* Doc. No. 136-2), but she did not ask the Court to exclude the testimony of Defendants' expert witnesses until May 20th.

As already covered, any prejudice to Plaintiff has been cured by her receipt of Defendants' expert witnesses' Rule 26(a)(2) reports and her deposing of them. There are no indications that trial will be disrupted by the testimony of Defendants' witnesses, and Plaintiff has not shown (or even alleged) any willfulness or bad faith on the part of Defendants. Also factoring into the Court's decision is that the Court just finished an analysis of the *Woodworker's Supply* factors as to Plaintiff's failure to abide by all requirements of Rule 26 and the Court's Scheduling Order. It would be unfair for the Court in this case to hold one party to strict adherence to Rule 26 when no harm resulted but to allow the other party more liberty in complying with Rule 26's requirements, again despite no harm resulting.[3]

---

[3] The Court in no way implies that it will be so generous in this case going forward or in future cases, especially with the counsel who have appeared in this case.

All told, the Court finds that the *Woodworker's Supply* factors indicate Defendants' late disclosures of their expert witnesses' reports in the specific circumstances of this case were harmless. In addition, although Defendants' assumption that an agreement was reached between the parties' counsels for the delayed transmittal by Defendants of their expert witnesses' Rule 26(a)(2) reports to Plaintiff was incorrect, the Court cannot say that Defendants were not substantially justified in relying on their erroneous understanding of the agreement (or lack thereof) reached by the lawyers involved in this case.

IT IS THEREFORE ORDERD that Plaintiff's Motion to Strike Defendants' Expert Witnesses [Doc. No. 130] is DENIED as stated herein.

IT IS SO ORDERED this 29th day of May, 2019.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE