# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTINA MELTZNER, )
)
    Plaintiff, )
)
v. ) Case No. CIV-17-1023-SLP
)
ANTHEM INSURANCE COMPANIES, )
   INC., d/b/a ANTHEM BLUE CROSS )
   AND BLUE SHIELD, and )
HEALTHY ALLIANCE LIFE )
   INSURANCE COMPANY, )
)
    Defendants. )

## **O R D E R**

Before the Court is Plaintiff's Motion to Strike Two Newly Identified Witnesses [Doc. No. 103]. It is at issue. *See* Resp., Doc. No. 150.[1]

The Court's Scheduling Order required Defendants to file a list of witnesses by March 15, 2019. *See* Scheduling Order ¶ 4(b), Doc. No. 46. On that deadline, Defendants filed a witness list including a placeholder witness description: "Designated Corporate Representative of Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield and Healthy Alliance Life Insurance Company." Defs.' Final Witness List 1, Doc. No. 56. Defendants indicated that this to-be-named "[i]ndividual representative" would testify "regarding Defendants' handling of Plaintiff's dependent's [insurance] claim(s),

---

[1] Because the issues addressed in Plaintiff's motion were also discussed in Plaintiff's Motions in Limine [Doc. No. 102, at 10-12] and the response [Doc. No. 128, at 14-17] and reply [Doc. No. 137, at 5-7] thereto, the Court has considered the arguments and authorities in these additional filings in resolving the issue addressed herein.

policy coverage, and claim procedures, as well as Plaintiff's claims and allegations of the Amended Complaint." *Id.* Plaintiff did not seek to depose whomever the placeholder witness was, or to depose another corporate representative of Defendants under Federal Rule of Civil Procedure 30(b)(6). The discovery period closed on May 1, 2019. *See* Scheduling Order, Doc. No. 46.

In preparing the parties' proposed final pretrial report, Defendants disclosed to Plaintiff the two individuals they intend to fill the place held by the generic witness description for the first time on May 9, 2019—eight days after the close of discovery and nearly two months after Defendants' deadline to file their final witness list. In the proposed final pretrial report, Defendants indicate that Dr. Jay Moore and Dr. Robert Pearsall will be "[d]esignated corporate representatives to testify regarding Defendants' handling of Plaintiff's dependent's [insurance] claim(s), policy coverage, and claim procedures, as well as Plaintiff's claims and allegations of the Amended Complaint"—the same testimony description as was included in Defendants' final witness list from mid-March.[2] Final Pretrial Report 44-45, Doc. No. 104. Plaintiff asserts that Defendants' disclosure was untimely and, accordingly, that Dr. Moore and Dr. Pearsall should be stricken from Defendants' list of trial witness and not permitted to testify at trial.

The Court disagrees with Plaintiff's assertion that she was not forewarned that a to-be-disclosed representative of Defendants would testify at trial. Defendants disclosed the

---

[2] In their response brief, Defendants indicate that Dr. Moore is a witness they will call and that Dr. Pearsall is a witness they may call. *See* Resp. 3 n.2, Doc. No. 150. This distinction (from both being witnesses that Defendants anticipate calling as indicated in the proposed final pretrial report) is not relevant to the Court's determination of Plaintiff's motion.

2

existence of a to-be-named witness in mid-March. At that point, Plaintiff could have served Defendants with an interrogatory requesting the identity of the witness or sought to depose the witness. Plaintiff did neither. Had she done so and Defendants refused to reveal the name of any corporate representatives, the Court's conclusion regarding Plaintiff's request that witnesses be stricken might be different.

Instead, Plaintiff argues that Defendants were required to name Dr. Moore and Dr. Pearsall in Defendants' answers to Plaintiff's fourth and fifth interrogatories. However, Plaintiff did not ask Defendants to name representative witnesses or any witnesses who would testify for Defendants at trial—instead only asking for the identities of "persons . . . who participated in the handling, evaluation, consideration, decisions and review of Plaintiff's [insurance] claims" and "medical professionals, physicians, nurses, specialists or persons of any kind consulted by Defendant[s] in the process of handling Plaintiff's [insurance] claim[s] including any appeal." Anthem's Objs. & Resps. to Pl.'s First Set of Disc. Reqs. to Def. 5-6, Doc. No. 103.[3] Defendants indicate that neither Dr. Moore nor Dr. Pearsall fits within such categories, and the Court is not aware of any evidence indicating that they do. Instead, Defendants indicate that Dr. Moore and Dr. Pearsall will testify "about some of the issues in this case from a corporate perspective" because they "were not personally involved in the handling, review, or consulting of the claims at issue." Resp.

---

[3] The Court reminds Plaintiff's counsel to adhere to the Court's ECF Policies & Procedures Manual § II(A)(4)(a) ("Exhibits and attachments that are filed electronically shall be submitted as separate attachments to the document . . . ."). Future filings which do not follow the Court's ECF Policies & Procedures Manual may be stricken.

3

6, Doc. No. 150. Thus, Defendants were not required to disclose the identities of Dr. Moore and Dr. Pearsall in response to Plaintiff's interrogatories.

Still, the Court must determine whether Defendants' just-before-trial disclosure of Dr. Moore and Dr. Pearsall as their previously disclosed "Designated Corporate Representative" (Defs.' Final Witness List 1, Doc. No. 56) should result in the exclusion of Defendants' witnesses from testifying at trial. Rule 37(c)(1) indicates that when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

> In determining whether the failure to comply with Rule 26(a) is justified or harmless, courts weigh four factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011) (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)).[4]

Assuming that Defendants were required to identify their "Designated Corporate Representative" at an earlier time, Plaintiff suffered no prejudice she could not have cured and no surprise—at least as to one representative of Defendants. As previously indicated, Defendants disclosed to Plaintiff by mid-March that they would call a corporate-representative witness, just not the name of who the witness would be. In such a circumstance, Plaintiff could have demanded the name of the witness or sought a

---

[4] These are commonly referred to as the *Woodworker's Supply* factors. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

4

deposition.  Plaintiff did not do so, though such actions would have cured any possible prejudice to Plaintiff.

Also lessening any potential surprise to Plaintiff is that Dr. Moore and Dr. Pearsall (and, previously, the generic witness description they later replaced) are the only employees of Defendants included in Defendants' witness list.  *See* Defs.' Final Witness List, Doc. No. 56.  All other witnesses associated with Defendants that they list are employed by third parties with whom Defendants presumably contract with for services.  The Court presumes Plaintiff would not believe Defendants would proceed to trial without a single of their officers or employees testifying any more than Plaintiff would proceed to trial without offering her own testimony.

There are no indications that trial will be disrupted by the testimony of Defendants' witnesses, and Plaintiff has not shown any willfulness or bad faith on the part of Defendants.

Plaintiff argues that "[a] generic listing of a 'corporate representative' for something as minor as the authentication or identification of records is one thing. . . .  [but t]wo additional physicians who are going to testify about the central and critical issues in the case is something quite different."  Mot. ¶ 4, Doc. No. 103.  However, as indicated, the "central and critical issues in this case" (*id.*) is exactly what Defendants indicated in their witness list as the topics of testimony for their corporate representative.  *See* Defs.' Final Witness List 1, Doc. No. 56.

All told, the Court finds that the *Woodworker's Supply* factors indicate Defendants' late disclosure of a corporate representative's name was, in the specific circumstances of this case, harmless.

Plaintiff also argues that if a witness of Defendants is allowed to testify, Defendants should be limited to a single witness. *See* Pl.'s Reply to Defs.' Resp. in Opposition to Pl.'s Mot. in Limine 7, Doc. No. 137. On this point, the Court agrees with Plaintiff. The timely indication by Defendants of a corporate representative was singular: "Designated Corporate Representative of Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross and Blue Shield and Healthy Alliance Life Insurance Company." Defs.' Final Witness List 1, Doc. No. 56. While Defendants disclosed a single representative to Plaintiff, they did not disclose multiple such representatives. Allowing multiple representatives to testify when a single to-be-named representative was disclosed would be prejudicial and legitimately surprising to Plaintiff, and it would result in prejudice which cannot be cured and which Plaintiff did not have an opportunity to cure through additional diligence during the discovery period. The Court therefore finds that Defendants should be limited to offering the testimony of a single individual at trial in place of the single witness disclosed by Defendants in their Final Witness List [Doc. No. 56].[5]

---

[5] Because the Court assumes, in conducting its *Woodworker's-Supply* analysis, that the names of Defendants' witnesses should have been disclosed earlier, the Court need not take sides in the debate about whether Defendants were required, under Rule 26, to identify a corporate witness by more than generic description. *See Hooks v. Geico Gen. Ins. Co.*, No. 13-cv-891-J-34JBT, 2016 WL 5415134, at *8 (M.D. Fla. Sept. 28, 2016).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Two Newly Identified Witnesses [Doc. No. 103] is GRANTED IN PART and DENIED IN PART as stated herein.

IT IS SO ORDERED this 3rd day of June, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE